United States District Court
Eastern District of Michigan
Northern Division

United States of America,

       Plaintiff,

                                Hon. Thomas L. Ludington

v.

                                Case No. 24-CR-20486

David Alvin Bennett Jr.,

       Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, David Alvin Bennett Jr., have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

**1.    Count of Conviction**

The defendant will plead guilty to Count 1 of the indictment. Count 1 charges the defendant with domestic assault by an habitual offender under 18 U.S.C. § 117.

**2.    Statutory Maximum Penalties**

The defendant understands that the count to which he is pleading guilty carries the following maximum statutory penalties:

| Count 1 | Term of imprisonment: | Up to 5 years |
|---|---|---|
| | Fine: | Up to $250,000 |
| | Term of supervised release: | Up to 3 years |

## 3.    Agreement Not to Bring Additional Charges

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will not bring additional charges against the defendant for the conduct reflected in the indictment, or factual basis of this Rule 11.

## 4.    Elements of Count of Conviction

The elements of Count 1 are:

1.    defendant committed a domestic assault;

2.    prior to the domestic assault, defendant had a final conviction on at least two separate prior occasions in federal, state, or Indian tribal court proceedings for offenses that would be, if subject to federal jurisdiction, any assault, sexual abuse, or serious violent felony against a spouse or intimate partner; and

3.    the assault took place in Indian country.

5.    **Factual Basis**

On or about July 10, 2024, David Alvin Bennett Jr. assaulted his spouse, K.B. at 466 South Meridian Road, Mt. Pleasant, MI on the Isabella Reservation in Indian country. The assault consisted of David Alvin Bennett Jr. intentionally striking K.B. in her face and neck during an argument. K.B. suffered a visible injury from this assault which consisted red markings on her neck and face.

David Alvin Bennett Jr. has the following convictions against a spouse or intimate partner: family violence in the Saginaw Chippewa Tribal Court on or about September 19, 2005; October 8, 2015, and November 1, 2016, and Domestic Assault by an Habitual Offender on or about June 6, 2019 in the United States District Court.

6.    **Advice of Rights**

The defendant has read the indictment, has discussed the charges and possible defenses with his attorney, and understands the crime(s) charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A.    The right to plead not guilty and to persist in that plea;

B.    The right to a speedy and public trial by jury;

C.    The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.    The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.    The right to confront and cross-examine adverse witnesses at trial;

F.    The right to testify or not to testify at trial, whichever the defendant chooses;

G.    If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.    The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.    The right to compel the attendance of witnesses at trial.

**7.    Collateral Consequences of Conviction**

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction

here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

## 8.    Defendant's Guideline Range

### A.    Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B.    Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction

for acceptance of responsibility under USSG § 3E1.1(a) for his guideline

calculation on Count 1. Further, if the defendant's offense level is 16 or

greater and the defendant is awarded the two-level reduction under

USSG § 3E1.1(a), the government recommends that the defendant

receive an additional one-level reduction for acceptance of responsibility

under USSG § 3E1.1(b). If, however, the government learns that the

defendant has engaged in any conduct inconsistent with acceptance of

responsibility—including, but not limited to, making any false

statement to, or withholding information from, his probation officer;

obstructing justice in any way; denying his guilt on the offenses to

which he is pleading guilty; committing additional crimes after pleading

guilty; or otherwise demonstrating a lack of acceptance of responsibility

as defined in USSG § 3E1.1—the government will be released from its

obligations under this paragraph, will be free to argue that the

defendant not receive *any* reduction for acceptance of responsibility

under USSG § 3E1.1, and will be free to argue that the defendant

receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C.    Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraph 8.B. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### D.    Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraph 8.B. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 9.    Imposition of Sentence

### A.    Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing

guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

## B.   Imprisonment

### 1.   Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the top of the guideline range as determined by the court.

### 2.   No Right to Withdraw

The government's recommendation in paragraph 9.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms

of this plea agreement, the government will be permitted to withdraw from the agreement.

### C.    Supervised Release

#### 1.    No Recommendation

There is no agreement regarding the length of supervised release.

#### 2.    No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 9.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D.    Fines

There is no recommendation or agreement as to a fine.

### E.    Restitution

The Court must order restitution to every identifiable victim of the defendant's offense. There is no recommendation or agreement on

restitution. The Court will determine at sentencing who the victims are and the amounts of restitution they are owed.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining his ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

**10.    Appeal Waiver**

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the top of the applicable guideline range as determined by the court, the defendant also waives any right he may have to appeal his sentence on any grounds.

**11.    Collateral Review Waiver**

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

**12.     Consequences of Withdrawal of Guilty Plea or Vacation of Judgment**

If the defendant is allowed to withdraw his guilty pleas, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

**13.     Use of Withdrawn Guilty Plea**

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

**14.   Parties to Plea Agreement**

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

**15.   Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

**16.    Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5:00pm on November 11, 2024. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Dawn N. Ison
United States Attorney

_____
Anthony Vance
Chief, Branch Offices
Assistant United States
Attorney

_____
Roy Kranz
Assistant United States
Attorney

Dated: 10/25/2024

Page **14** of **15**

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

Elias Escobedo
Attorney for Defendant

David Alvin Bennett Jr.
Defendant

Dated: 11/13/2024